United States Court of Appeals,

Fifth Circuit.

No. 97-50351

Summary Calendar.

UNITED STATES of America, Plaintiff-Appellant,

v.

4,970 ACRES OF LAND, MORE OR LESS, SITUATED IN HUDSPETH COUNTY,
State of Texas;  C L Ranch, a partnership, Defendants-Appellees.

Dec. 19, 1997.

Appeal from the United States District Court for the Western
District of Texas.

Before REYNALDO G. GARZA, SMITH and BENAVIDES, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

In the condemnation action below, a jury returned a verdict calculating just compensation as $1,363,000.  In accordance with this verdict, the district court entered judgment calculating just compensation as $1,363,000 and ordering the United States to pay that amount to defendant C L Ranch.  The United States filed a motion to alter or amend the judgment, arguing that the district court's order of payment would prevent the United States from utilizing its option to abandon the condemnation action under Rule 71A(i)(3).  The district court denied this motion, correctly noting that the United States could not dismiss the condemnation proceeding under Rule 71A absent a stipulation with the landowner or a court order.

The United States then filed a motion to dismiss the case pursuant to Rule 71A(i)(3).  Before the district court could

1

consider the motion, however, the United States filed a notice of appeal from the district court's condemnation judgment and denial of the United States' motion to alter or amend. The next day, counsel for the United States requested the district court not to rule on the motion to dismiss because the United States' notice of appeal had divested the district court of jurisdiction. The district court, "in an effort to administratively remove this motion from the pending motion list," dismissed the motion as moot, noting that "[t]he Court expressly does not reach the merits of this Motion." On March 14, 1997, this Court issued a one sentence order denying the United States' request for an extension of time to file its brief in the first appeal and dismissed the appeal for failure to prosecute.

On April 7, 1997, the United States filed a motion in the district court entitled, "Plaintiff's Motion to Reinstate Its First Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 71A(i)(3) or, in the Alternative, Plaintiff's Second Motion for Dismissal Pursuant to Federal Rule of Civil Procedure 71A(i)(3)." The district court denied this motion on the grounds that it lacked jurisdiction over the matter. The United States filed a notice of appeal from this order, and the defendants filed a motion to dismiss the appeal as frivolous and without merit. This Court ordered the motion carried with the case.

*Discussion*

According to Federal Rule of Civil Procedure 71A(i)(3), which governs dismissal of actions for condemnation by order of court:

> At any time before compensation for a piece of property has been determined and paid and after motion and hearing, the court may dismiss the action as to that property, except that it shall not dismiss the action as to any part of the property of which the plaintiff has taken possession or in which the plaintiff has taken title or a lesser interest, but shall award just compensation for the possession, title or lesser interest so taken.

FED.R.CIV.P. 71A(i)(3). It is well established that "the practical effect of final judgment on the issue of just compensation is to give the Government an option to buy the property at the adjudicated price." *Kirby Forest Indus., Inc. v. United States,* 467 U.S. 1, 4, 104 S.Ct. 2187, 2191, 81 L.Ed.2d 1 (1984); *Danforth v. United States,* 308 U.S. 271, 284, 60 S.Ct. 231, 236, 84 L.Ed. 240 (1939). Accordingly, the government may choose to exercise this option by tendering payment to the private owner, "whereupon title and right to possession vest in the United States." *Kirby Forest,* 467 U.S. at 4, 104 S.Ct. at 2191. Alternatively, the government may decide not to exercise this option, in which case the government may move for dismissal of the condemnation action pursuant to Rule 71A(i)(3). *Id.*

The United States' first motion to dismiss was proper under Rule 71A(i)(3), but the district court never reached the merits of that motion, instead dismissing it as moot in light of the United States first notice of appeal. Actually, the district court was without jurisdiction to consider the motion at that time. *See, e.g., United States v. Green,* 882 F.2d 999, 1001 (5th Cir.1989) (noting that filing of timely and sufficient notice of appeal transfers jurisdiction over matters involved in appeal from district court to court of appeals, thus divesting district court

of jurisdiction).  If the government had not filed a notice of appeal and the district court had reached the merits of the motion, however, it would have been a valid exercise of the court's discretion to dismiss the action pursuant to Rule 71A(i)(3) because the United States had not yet paid the compensation, even though the district court had determined its amount in a final order.  *See* FED.R.CIV.P. 71A(i)(3) (stating that district court may dismiss a condemnation "[a]t any time before compensation for a piece of property has been determined *and* paid....") (emphasis added).

As noted, the Supreme Court has long held that the United States has the option of abandoning a condemnation action by moving to dismiss once judgment has become final.  *See Kirby Forest,* 467 U.S. at 4, 104 S.Ct. at 2190-91;  *Danforth,* 308 U.S. at 284, 60 S.Ct. at 236.  It does not follow that the government necessarily forfeits its well established option to move for a dismissal under Rule 71A(i)(3) by appealing an allegedly erroneous compensation order.  Relative to this option, the district court's order was equally final before and after appeal.  Admittedly, this Court's dismissal for failure to prosecute of the United States' first appeal does preclude the United States from arguing error with regard to the compensation judgment itself and the district court's denial of the United States motion to alter or amend that judgment. This Court's dismissal does not, however, prohibit the United States from exercising its Rule 71A(i)(3) option in the first place.

Accordingly, this Court's dismissal of the United States'

first appeal does not preclude the district court from considering the government's Rule 71A(i)(3) motion to dismiss, the merits of which the court did not consider the first time around. This ruling promotes the important public policy underlying Rule 71A(i)(3) by allowing the government to use public resources in the most economically efficient manner possible. As the Court stated in *Danforth:*

> The determination of the award is an offer subject to acceptance by the condemnor and thus gives to the user of the sovereign power of eminent domain an opportunity to determine whether the valuation leaves the cost of completion within his resources. Condemnation is a means by which the sovereign may find out what any piece of property will cost.

*Id.*

### *Conclusion*

In accordance with the long standing rule that the government has an option to move for dismissal after a final condemnation judgment, the district court erroneously concluded that it lacked jurisdiction to consider the United States' motion to dismiss under Rule 71A(i)(3). This does not mean that the government has an unlimited ability to draw out or abandon a condemnation action entirely. On the contrary, a Rule 71A(i)(3) motion to dismiss is subject to the district court's discretion and the requirement that the government make payment for any actual taking that occurred, even if partial or temporary. FED.R.CIV.P. 71A(i)(3). As such, we hereby DENY the defendants' motion to dismiss this appeal as frivolous and without merit. Additionally, we REVERSE the district court's order and REMAND for consideration of the Rule 71A(i)(3) motion.

5

REVERSED and REMANDED.